■ WATERFRONT COMMISSION OF NEW YORK HARBOR, Appellant, v COMMISSIONER OF THE DIVISION OF CRIMINAL JUSTICE SERVICES, Respondent. —Order, Supreme Court, New York County, entered May 5, 1977, denying plaintiff's motion for summary judgment unanimously modified, on the law, only to the extent of granting defendant's cross motion for summary judgment declaring that defendant may lawfully charge plaintiff fees for fingerprint searches to be performed by it with respect to applicants to plaintiff for licenses or registrations, and otherwise affirmed, without costs and without disbursements. Since this is an action for declaratory judgment, the court is required to make an appropriate declaration of the rights of the parties with respect to the subject matter of the litigation *(Lanza v Wagner,* 11 NY2d 317, 334, app dsmd, 371 US 74, cert den 371 US 901; *Sweeney v Cannon,* 30 NY2d 633). Special Term should have made such declaration with respect to defendant's cross motion for summary judgment when it denied plaintiff's motion for such relief. We agree with Special Term, however, in its construction of the applicable statutes. Chapter 882 (§ 1, art

13, par 6) of the Laws of 1953, treating with the expenses of administration of the Waterfront Commission, provides that the assessment upon employers of persons registered or licensed under the Waterfront Commission Compact "shall be in lieu of any other charge for the issuance of licenses to stevedores, pier superintendents, hiring agents and pier watchmen or for the registration of longshoremen". Chapter 882 (§ 1, art 13, par 3) of the Laws of 1953 directs such an assessment not in excess of 2% of the gross annual pay for all employees performing work within the Port of New York district. Subdivision 8-a of section 837 of the Executive Law (added by L 1976, ch 548) authorizes the Division of Criminal Justice Services to collect a fee "when, pursuant to statute or the regulations of the division, it conducts a search of its criminal history records and returns a report thereon in connection with an application for employment or for a license or permit." The statute directs that the fee be paid to the division "by the applicant." Although the statutory provisions regulating the activities and operation of the Waterfront Commission preclude plaintiff from imposing a fee for a fingerprint search upon persons who apply to it for a license, the Executive Law authorizes defendant to impose a fee for the rendition of such service, obviously to offset the ever rising expenses incurred in maintaining a centralized fingerprint check. Special Term properly held, under the circumstances, that plaintiff was to be deemed "the applicant" within the terms of subdivision 8-a of section 837 of the Executive Law in connection with its application to the division for a fingerprint search. Such a construction is reasonable and raises no necessary constitutional issue (McKinney's Cons Laws of NY, Book 1, Statutes, § 150, subd c). No authority has been cited or found requiring plaintiff to utilize defendant's services or obligating defendant to furnish such service without charging a fee. Moreover, there is no showing on this record that plaintiff's assessment fund authorized by chapter 882 (§ 1, art 13, par 3) of the Laws of 1953 is insufficient or inadequate to cover the fees for fingerprint searches imposed by the division under subdivision 8-a of section 837 of the Executive Law. It is clear that the purpose of the fund is to enable the commission to meet its operating or budgeted expenses, which should include, *inter alia,* the fingerprint search fee. Nor has it been shown whether the commission is collecting the full extent of the assessment authorized by the statute, which permits an assessment "not in excess of two per cent", computed upon the gross payroll payments made by employers to longshoremen, pier superintendents, hiring agents and port watchmen for work or labor performed within the Port of New York district. We do not pass on plaintiff's suggestion that it be permitted to impose the fingerprint search fee upon persons applying to it for a license or registration, except to note that this is more appropriately a matter for the Legislatures of the State of New York and the State of New Jersey. Concur—Kupferman, J. P., Fein, Lane, Sandler and Sullivan, JJ.